IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CLINTON DARAL FIFER                                                                              PLAINTIFF

v.                                         Civil No. 4:23-CV-04088-SOH-CDC

LIEUTENANT KAREN GHORMELY,
Nevada County Detention Center ("NCDC"), both official and personal capacity;
JAIL ADMINISTRATOR STEVE OTWELL, NCDC,
both official and personal capacity; and
SHERIFF DANNY MARTIN, Nevada County, Arkansas,
both official and personal capacity;                                                            DEFENDANTS

## ORDER

Plaintiff Clinton Daral Fifer, a prisoner, has filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). (ECF No. 3). This matter is before the Court on Plaintiff's self-styled "Motion." (ECF No. 29). Having reviewed that Motion and finding no response necessary, Plaintiff's Motion is ripe for consideration.

On September 20, 2023, Plaintiff initiated this civil rights action, generally alleging that the Defendants failed to provide him with constitutionally adequate medical care while he was detained at the Nevada County Detention Center ("NCDC"). (ECF No. 1). That same day, United States Magistrate Judge Barry Bryant granted Plaintiff's request to proceed IFP. (ECF No. 3). On September 29, 2023, Judge Bryant ordered that the Complaint be served on the Defendants. (ECF No. 6). Court records show that the Defendants were served on October 6, 2023. (ECF No. 11). When the Defendants did not answer or respond to this lawsuit within 21-days of being served as ordered, this Court ordered the Defendants to show cause why they should not be found to be in default. (ECF No. 12). The next day, Defendants filed a motion requesting to file their Answer out of time, and a memorandum in support. (ECF Nos. 15-16). This Court granted that Motion, ordering that Defendants file their Answer by no later than Wednesday, November 8, 2023. (ECF

No. 17).  On November 1, 2023, Defendants filed their Answer.  (ECF No. 18).  That same day, this Court ordered Defendants to either file a motion for summary judgment on the issue of whether Plaintiff exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e(a) by December 18, 2023, or promptly file a notice informing the Court and parties that they did not intend to pursue such a defense.  (ECF No. 19).  On December 12, 2023, the Defendants filed a notice with the Court saying that they did not intend to file a motion for summary judgment on the issue of exhaustion.  (ECF No. 23).  This Court then entered an initial scheduling order, directing that discovery be completed by April 11, 2024, and that Defendants file a motion for summary judgment on the merits by May 13, 2024.  (ECF No. 24).  The Court's initial scheduling order also expressly provides that "[i]ssuance of subpoenas to third parties pursuant to Rule 45 of the Federal Rules of Civil Procedure should be used only if **all efforts to obtain documents from the parties have been exhausted.**" *Id.* (emphasis in the original).  A copy of the Court's initial scheduling order was mailed to Plaintiff.  The mail was not returned as undeliverable.

On March 26, 2024, Defendants filed their first Motion for Extension of Time to Complete Discovery and to File a Motion for Summary Judgment.  (ECF No. 27).  The Court granted that motion, extending the deadline to complete discovery to May 11, 2024, and requiring any motion for summary judgment to be filed by June 13, 2024.  (ECF No. 28).  The Court has made no other modifications to the initial scheduling order.

On April 3, 2024, Plaintiff filed this self-styled "Motion." (ECF No. 29).  In that "Motion," Plaintiff describes discovery he has received from the Defendants; explains that he did not receive any videos; requests the court to subpoena "Sgt. Ms. Kathy Hipp, Sgt. Pete Rupe, Cpl. Kagen Martin, and Sgt. Lue;" asserts that he did not receive constitutionally adequate medical care while detained at the NCDC; claims that he has not been receiving adequate care while detained at the

"Tucker Unit" of the Arkansas Division of Corrections ("ADC"); and expresses his intent to prosecute this case. (ECF No. 29). Because the only request contained in this Motion is for the Court to subpoena "Sgt. Ms. Kathy Hipp, Sgt. Pete Rupe, Cpl. Kagen Martin, and Sgt. Lue," *id.*, this Court considers whether such subpoenas are warranted.

Rule 45 of the Federal Rules of Civil Procedure applies to the issuance of subpoenas. Pursuant to Rule 45(d), the Court shall ensure that the party issuing the subpoena "take[s] reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Further, the Court has discretion "to ensure [that] the discovery sought [is] reasonably calculated to lead to the discovery of admissible evidence." *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 362 (8th Cir. 2003) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

Here, Plaintiff fails to describe what evidence "Sgt. Ms. Kathy Hipp, Sgt. Pete Rupe, Cpl. Kagen Martin, and Sgt. Lue" would offer that would be relevant to his claims. Further, the Court's initial scheduling order requires parties to attempt to obtain documents from the other party before requesting subpoenas pursuant to Fed. R. Civ. P. 45. (ECF No. 24). Plaintiff's Motion, however, does not include any information on any steps he took to first request from the Defendants the evidence he seeks to elicit from "Sgt. Ms. Kathy Hipp, Sgt. Pete Rupe, Cpl. Kagen Martin, and Sgt. Lue."

Accordingly, Plaintiff's Motion, (ECF No. 29), which this Court construes as a request for subpoenas, is hereby **DENIED**.

IT IS SO ORDERED this 5th day of April 2024.

*s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE